IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANCINE LASSITER and STEVEN ALLISON,**<br>　　　　**Plaintiffs,**<br><br>　　　　v.<br><br>**SEARS, ROEBUCK & COMPANY,**<br>　　　　**Defendants.** | CIVIL ACTION<br><br>NO. 98-1663 |

FILED
APR 15 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

This matter has come before the Court on the Petition for Consent and Court Approval to Proceed with a Partial Transfer of a Structured Settlement Pursuant to Structured Settlement Protection Act, 40 P.S. 4001 *et seq*. Petitioners J.G. Wentworth Originations, LLC ("Wentworth") and Dashan Lassiter seek approval, pursuant to 40 Pa. Cons. Stat. § 4003(a)(5)(i)(B), for the partial transfer from Lassiter to Wentworth of a structured settlement approved by this Court on July 9, 1998 in *Lassiter v. Sears, Roebuck & Co*, No 98-1663. The Court approved that settlement on behalf of Petitioner Lassiter, when he was a minor (ECF No. 16). Pursuant to that settlement, an annuity was purchased in favor of Lassiter by American General Assignment Corporation and issued by American General Life Insurance Co. (collectively "American General"). Lassiter, now an adult, seeks to sell a portion of the proceeds of the annuity to Wentworth.

The named defendant in this action, Sears, has not been served with the Petition. Wentworth has not explained to the Court why it has not served a party to this action, although the Court is informed that Sears' counsel of record in this action in 1998 no longer represents it. Nevertheless, Sears, as the named defendant and the original judgment debtor to Plaintiff Lassiter is entitled to notice and an opportunity to respond to the Petition.

American General, not a party to this action, has been served with the Petition, but has not filed a response. Pennsylvania law requires that a transfer be "expressly approved in writing by the . . . the structured settlement obligor and the annuity issuer." 40 Pa. Cons. Stat. ¶ 4003(a)(5)(i)(A). In light of the statute and the fact that American is obliged to make payments on the annuity and is entitled to ensure it is not exposed later to competing claims for those proceeds, it appears that American now may be a necessary party to this action. *See* Fed. R. Civ. P. 19(a)(1)(B). The Court must require that a necessary party be joined. *Id.* 19(a)(2).

Accordingly, it is **ORDERED** as follows:

Petitioners shall serve a copy of the Petition to Sears through an agent of Sears authorized to receive legal filings on its behalf on or before **April 29, 2015**; and it is further **ORDERED**

On or before **April 29, 2015**, Petitioners shall add American General as a party to this action, or show cause why American General should not be added to this action as a necessary party pursuant to Fed. R. Civ. P. 19(a)(2).

BY THE COURT:

_____
**WENDY BEETLESTONE, J.**

**Date**: April 15, 2015